IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-02019-PAB-MDB

DUFFY ARCHIVE LIMITED,

     Plaintiff,

v.

MONTAGE SALON CORP. d/b/a MODO-MONTAGE DOWNTOWN,

     Defendant.

---

## ORDER

---

     This matter comes before the Court on plaintiff Duffy Archive Limited's Motion for Default Judgment Against Defendant [Docket No. 18].

### I.    BACKGROUND[1]

     Duffy Archive Limited ("Duffy") owns and manages the copyrights on the photographic works of photographer Brian Duffy. Docket No. 1 at 2, ¶ 6. One of Duffy's photos depicts David Bowie as "Aladdin Sane . . . revealing [Bowie's] permanently dilated left eye" (the "Work"). *Id.* at 3, ¶ 12. On September 21, 2017, Duffy registered its copyright on the Work with the United States Copyright Office. *Id.* at 4, ¶ 14. Defendant Montage Salon Corp. d/b/a Modo-Montage Downtown ("Montage") is a hair salon located at 622 S. Tejon St. Colorado Springs, Colorado 80903. *Id.* at 1, 4, ¶¶ 2, 17. Montage advertises its business through its website and social media accounts,

---

[1] Because of the Clerk of Court's entry of default, Docket No. 14, the well-pled allegations in Duffy's complaint, Docket No. 1, are deemed admitted. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

which includes Facebook and Instagram. *Id*. at 5, ¶ 18. On June 13, 2021, Montage displayed, on its Instagram account, "an artist's copy" of the Work located on the front door of Montage's business. *Id*., ¶ 19. On several occasions, Montage published photos of the Work on its Instagram page, in which the Work was the backdrop for Montage's display of its clients' haircuts. *Id*. at 5–7, ¶¶ 19–21. Montage does not have a license from Duffy to display the Work and has never contacted Duffy about its use of the Work. *Id*. at 7, ¶ 22. In January 2022, Duffy contacted Montage about its unauthorized use of the Work, but the parties were unable to come to terms on a licensing agreement. *Id*. at 7–8, ¶ 25.

On August 9, 2023, Duffy filed this case, bringing a claim against Montage under 17 U.S.C. § 501 for copyright infringement. *Id*. at 8-9, ¶¶ 27–39. Duffy seeks a declaratory judgment that Montage infringed on Duffy's copyright in the Work and that such infringement was willful; statutory damages for willful infringement up to $150,000 for each infringement; attorney fees; prejudgment interest; and a permanent injunction enjoining Montage from directly or indirectly infringing on Duffy's copyright. *Id*. at 9–10. On August 28, 2023, Duffy served Christian Malacara, owner of Montage, at 803 Weber Ridge Point, Colorado Springs, Colorado 80903. Docket No. 10. On September 26, 2023, the Clerk of Court entered default against Montage. Docket No. 14. On June 18, 2024, Duffy filed the instant motion for default judgment. Docket No. 18.

## II.    LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55. First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the

Clerk, the party must seek judgment under the strictures of Rule 55(b). *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott*, 327 F.3d at 1124 (citation omitted). In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." In re *Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* Default judgment serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2688.1 (4th ed., 2022 rev.). "Even after

default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Id*. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

To obtain a default judgment for a sum certain, the plaintiff must show the following by affidavit. First, that the party in default is (1) not a minor or an incompetent person, (2) is not in military service, and (3) has not made an appearance. D.C.COLO.LCivR 55.1(a)(1). Second, that the sum is certain or the sum can be made certain by computation. D.C.COLO.LCivR 55.1(a)(2). Additionally, the plaintiff must submit a proposed form of judgment that shows (1) the party in favor of whom judgment shall be entered, (2) the party against whom judgment shall be entered, (3) the sum certain amount consisting of the principal amount, prejudgment interest, and the rate of post judgment interest, and (4) the sum certain of attorney fees. D.C.COLO.LCivR 55.1(b).

4

### III.    ANALYSIS

#### A.  Jurisdiction

Before entering default judgment, the Court must determine whether it has subject matter jurisdiction over the case and personal jurisdiction over the defendant. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case").

##### 1.  *Subject Matter Jurisdiction*

Duffy states that the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).  Docket No. 1 at 1, ¶ 3.  Pursuant to 28 U.S.C. § 1331, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Pursuant to 28 U.S.C. § 1338(a), the "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." The Court therefore has subject matter jurisdiction over Duffy's copyright claim pursuant to 28 U.S.C. § 1331 because the claim arises under federal law.  Furthermore, 28 U.S.C. § 1338(a) gives the Court original jurisdiction over any civil action relating to copyrights.

##### 2.  *Personal Jurisdiction*

Plaintiff bears the burden of establishing personal jurisdiction.  *Rambo v. Am. S. Ins. Co*., 839 F.2d 1415, 1417 (10th Cir. 1988).  Plaintiff can satisfy its burden by making a prima facie showing.  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d

1063, 1070 (10th Cir. 2008). The Court will accept the well-pled allegations of the complaint as true in determining whether plaintiff has made a *prima facie* showing that personal jurisdiction exists. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look further. *Id.* The plaintiff, however, may also make this *prima facie* showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant. *Id.*

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)). The Colorado long-arm statute, Colo. Rev. Stat. § 13-1-124, has been construed to extend jurisdiction to the full extent permitted by the Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether jurisdiction offends due process. *See Dudnikov*, 514 F.3d at 1070; *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts may be established under the doctrines of general jurisdiction or specific jurisdiction. *Howarth v. TCER, LLC*, 20-cv-03230-PAB-KMT, 2021 WL 4775270, at *2 (D. Colo. Oct. 13, 2021).

Furthermore, proper service is a jurisdictional prerequisite to litigation. *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit."). Without proper service, the Court lacks personal jurisdiction over a defendant. *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992).

### a. Service of Process

Federal Rule of Civil Procedure 4(h) governs the service of corporations. Rule 4(h)(1)(B) provides that a plaintiff may serve process on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B); *see also Howarth*, 2021 WL 4775270, at *3. Montage is a corporation. Docket No. 1 at 1, ¶ 2. On August 23, 2023, Christian Malacara, owner of Montage, was served by Duffy's process server at 803 Weber Ridge Pt., Colorado Springs, Colorado 80903. Docket No. 10. Duffy also alleges that Mr. Malacara is the agent for service of process for Montage. Docket No. 1 at 1, ¶ 2. Therefore, Montage was properly served.

### b. Due Process

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo*, 465 F.3d at 1217 (quoting *Peay*, 205 F.3d at 1209). The Colorado long-arm statute, Colo. Rev. Stat. § 13-1-124, has been construed to extend jurisdiction to the full extent permitted by the

Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether jurisdiction offends due process. *See Dudnikov*, 514 F.3d at 1070; *Archangel Diamond Corp.*, 123 P.3d at 1193. Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316. Minimum contacts may be established under the doctrines of general jurisdiction or specific jurisdiction. *Howarth*, 2021 WL 4775270, at *2.

The Court will consider whether it can exercise general jurisdiction over Montage. For corporations, "the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). Here, Duffy alleges that Montage's principal place of business is located at 622 S. Tejon St., Colorado Springs, Colorado 80903. Docket No. 1 at 1, ¶ 2. Therefore, the Court has general jurisdiction over this case and can exercise personal jurisdiction in regard to Montage.

### B. Merits

To enter default judgment against Montage, the Court must find that Montage, based on the material allegations in the complaint, is liable for copyright infringement. The Copyright Act gives copyright owners the exclusive right to make copies and derivative works and gives copyright owners a cause of action against anyone who violates the rights of the owner. 17 U.S.C. §§ 106, 501. To succeed on a copyright infringement action, two elements must be met: (1) the plaintiff has a valid copyright and

(2) defendant copied the plaintiff's original work.  *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Duffy sufficiently alleges that it owns the copyright on the Work.  Duffy alleges that its copyright on the Work was registered on September 21, 2017 with the United States Copyright Office, Registration No. VA2-068-612.  Docket No. 1 at 4, ¶ 14 (citing Docket No. 1-1).  A copy of the registration on file with the Copyright Office is attached to the complaint as Exhibit A.  *See* Docket No. 1-1.  Duffy alleges that Montage began publicly displaying the Work on June 13, 2021, after the copyright had been registered. Docket No. 1 at 5, ¶ 19.

Duffy sufficiently alleges that Montage used the Work.  Specifically, Duffy alleges that Montage publicly displayed "the Work on the exterior door of its business" and used the Work "as the backdrop for several photos showing its clients' new haircut" on Montage's Instagram page.  *Id*. at 5–7, ¶¶ 20.

Accordingly, the Court finds that Duffy sufficiently states a claim for copyright infringement under 17 U.S.C. § 501.

### C. **Damages**

Default judgment requires the Court to ascertain the amount of damages.  *See Reg'l. Dist. Council v. Mile High Rodbusters, Inc.,* 82 F. Supp. 3d 1235, 1243 (D. Colo. 2015) (citing *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984)).  The court must hold a hearing on the damages claimed before entering default judgment, unless "the amount claimed is a liquidated sum or one capable of mathematical calculation."  *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985).  "Actual proof must

support any default judgment for money damages where there is an uncertainty as to

the amount." *Mile High Rodbusters, Inc.,* 82 F. Supp. 3d at 1243 (citing *Klapprott v.*

*United States*, 335 U.S. 601, 611–12 (1949)).  "While the Court accepts the well-

pleaded facts of the complaint as true on a motion for default judgment, allegations

relating to the amount of damages are generally not accepted as true."  *First Home*

*Bank v. USA Pro Roofing & Constr., LLC*, No. 18-cv-00965-MSK-STV, 2018 WL

6990394, at *3 (D. Colo. Oct. 19, 2018); *see also United States v. Craighead*, 176 F.

App'x 922, 925 (10th Cir. 2006) (unpublished).  "In making an independent

determination of the amount of damages, the court may rely on detailed affidavits or

documentary evidence."  *BMO Harris Bank N.A. v. Marjanovic*, No. 19-cv-02945-CMA-

KMT, 2021 WL 307501, at *4 (D. Colo. Jan. 29, 2021) (citations and quotation omitted).

The victim of copyright infringement is entitled to actual damages, including any

profits of the infringer, or to statutory damages.  17 U.S.C. § 504(a).  Section 504 states,

in relevant part:

> (b) Actual Damages and Profits–The copyright owner is entitled to recover the
> actual damages suffered by him or her as a result of the infringement, and any
> profits of the infringer that are attributable to the infringement and are not taken
> into account in computing the actual damages. In establishing the infringer's
> profits, the copyright owner is required to present proof only of the infringer's
> gross revenue, and the infringer is required to prove his or her deductible
> expenses and the elements of profit attributable to factors other than the
> copyrighted work.

> (c) Statutory Damages–

>> 1) Except as provided by clause (2) of this subsection, the copyright owner
>> may elect, at any time before final judgment is rendered, to recover,
>> instead of actual damages and profits, an award of statutory damages for
>> all infringements involved in the action, with respect to any one work, for
>> which any one infringer is liable individually, or for which any two or more
>> infringers are liable jointly and severally, in a sum of not less than $750 or
>> more than $30,000 as the court considers just. For the purposes of this

subsection, all the parts of a compilation or derivative work constitute one work.

17 U.S.C. § 504.  In its complaint, Duffy asks for "[a]n award of actual damages and disgorgement of profits as the Court deems proper or, at the Plaintiff's election, an award for statutory damages for willful infringement up to $150,000.00 for each infringement of the [Work]."  Docket No. 1 at 9.  In its motion for default judgment, Duffy argues that "actual damages are insufficient" because Montage "solely controls all information concerning the gross revenue related to the infringing uses of the Work, and they have stymied Plaintiff's ability to present that evidence to the Court."  Docket No. 18 at 10.  Therefore, Duffy has elected a statutory award.

Duffy seeks statutory damages for willful infringement in the amount of $37,500. Docket No. 1 at 9; Docket No. 18 at 12.  Duffy bases its calculation on the fact that it would have licensed the Work to Montage for a total of $7,500, at a rate of $2,500 per year for the three years that Montage displayed the Work, and multiplied that amount by five in order to "compensate Plaintiff for the damages suffered, in light of Defendant's refusal to remove the Work, to create a strong disincentive against infringers intentionally hiding the profits from their infringing conduct."  Docket No. 18 at 12–13.

The Court has the discretion to award statutory damages ranging from $750 to $30,000, and up to $150,000 if the infringement was committed willfully, for "all infringements involved in the action, with respect to any one work."  17 U.S.C. § 504(c)(1)-(2).  "An infringer is liable for the number of original works infringed, not for the number or type of copies made."  *Arclightz & Films Pvt. Ltd. v. Video Palace Inc*., 303 F. Supp. 2d 356, 361 (S.D.N.Y. 2003).  Here, Duffy alleges that one of its copyrighted works was infringed.  *See* Docket No. 1-1.

11

The Court finds that Duffy sufficiently alleges that Montage's infringement was willful.  "A claim for willful copyright infringement requires a showing that the defendant knowingly or recklessly infringed on a plaintiff's copyright."  *Tague v. Mind Rocket, LLC*, No. 20-cv-00230-REB-KLM, 2023 WL 11992382, at *1 (D. Colo. Mar. 1, 2023).  Where a plaintiff has "numerous contacts" with a defendant "about the need for permission" to use a copyrighted work, and the defendant refuses to pay a license fee, a defendant's use was "knowing, deliberate, and willful."  *Girlsongs v. 609 Indus., Inc.,* 625 F. Supp. 2d 1127, 1130 (D. Colo. 2008).  Duffy alleges that it notified Montage that its use of the Work was unauthorized in January 2022 and was unable to negotiate a reasonable license for past infringement of the Work.  Docket No. 1 at 7–8, ¶ 25.  Duffy sent an infringement notice and five emails in attempts to negotiate a reasonable license for use of the Work, to which Christian Malacara responded to on behalf of Montage.  Docket No. 18-2 at 4, ¶ 15.  Duffy provides a declaration from Chris Duffy, CEO of Duffy, that states Montage displayed the Work from at least June 13, 2021[2] to February 28, 2024, which was the date Mr. Duffy signed the declaration.  *Id*. at 4, 5, ¶ 17.  Therefore,

---

[2] Although Montage's use of the Work from June 13, 2021 to January 2022 was before Montage received notice from Duffy that Montage's use was unauthorized, the Court finds that Duffy has shown that Montage's infringement was willful.  Courts assume that a defendant willfully infringed a plaintiff's copyrights based upon the defendant's default.  *See Arista Recs., Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) (collecting cases).  When notified that its use from June 2021 to January 2022 constituted infringement, Montage did not pay a license fee for that use.  Docket No. 18-2 at 4, ¶ 15.  Even if Montage's June 2021 to January 2022 use was not willful, "[t]he Copyright Act structures awards of statutory damages on the basis of each copyrighted work infringed, not on the basis of each instance of infringement," *Warner Bros. Ent., Inc. v. X One X Prods.*, 840 F.3d 971, 978 (8th Cir. 2016), such that the Court need not decrease statutory damages on the basis that part of Montage's use may not have been willful.

Montage was on notice of the infringing activity and did not desist in its use of the Work, indicating the infringement was willful.  *See Girlsongs, Inc.,* 625 F. Supp. 2d 1127, 1132 (D. Colo. 2008) ("because Defendants repeatedly rejected and ignored [plaintiff's] offers of a license, acted as if they are not subject to the copyright laws, and have continued to perform copyrighted works . . . , Defendants are knowing, deliberate, and willful infringers").  "In determining the amount of statutory damages, the district court has broad discretion to assess what is just in a particular case, considering the nature of the copyright, the circumstances of the infringement and the like, so long as the amount is neither more than the maximum nor less than the minimum."  *Malluk v. Berkeley Highlands Prods., LLC*, 611 F. Supp. 3d 1134, 1139 (D. Colo. 2020) (internal quotations and citation omitted).

"An award of statutory damages is appropriate in the default judgment context because the information needed to prove actual damages is within the infringers' control."  *Tague*, 2023 WL 11992382, at *2 (internal quotations and citation omitted).  In Mr. Duffy's declaration, he states that Duffy would have licensed the work to Montage for a $2,500 annual licensing fee.  Docket No. 18-2 at 4, ¶ 17.  Because Montage displayed the Work from at least June 13, 2021 to the time at which the declaration was signed, Montage would have owed three times the annual licensing fee for a total of $7,500.  *Id.*  The Court finds that $22,500 in statutory damages, which is three times the amount of license fees that Duffy would have earned, is reasonable in these circumstances.  $22,500 in statutory damages is appropriate considering that Montage's infringement was willful.  "Recognizing the important deterrent purpose served by statutory damages, the courts routinely award as statutory damages in cases such as

this amounts that are between two and three times license fees." *Girlsongs*, 625 F.

Supp. 2d at 1131 (collecting case).  Accordingly, the Court finds that $22,500 in

statutory damages is appropriate in light of the circumstances.

### D.  Attorney's Fees

The Court "may . . . award a reasonable attorney's fee to the prevailing party as

part of the costs." 17 U.S.C. § 505.  "[A]ttorney's fees are to be awarded to the

prevailing parties only as a matter of the court's discretion."  *Fogerty v. Fantasy, Inc.*,

510 U.S. 517, 1033 (1994).  There is no "precise rule or formula" for determining

whether fees should be awarded.  *Id*.  However, the Supreme Court has endorsed four,

non-exhaustive factors to consider: frivolousness, motivation, objective

unreasonableness, and the need to advance considerations of compensation and

deterrence.  *Id*. at 1033 n.19.  The Court addresses each in turn.

First, Duffy's claim is not frivolous.  Duffy has had a copyright on the Work since

2017.  Docket No. 1 at 4, ¶ 14.  Montage does not have a license to use the Work and it

never sought a license.  *Id*. at 7, ¶ 22.  Duffy learned in January 2022 that Montage

used the Work without authorization, as evidenced by posts on Montage's Instagram

page that featured the Work.  *Id.* at 5–6, 7 ¶¶ 19–20, 25.

Second, there does not appear to be any improper motivation on behalf of Duffy.

Duffy brings a suit to asserts its "sufficient rights, title, and interest" in its copyright.  *Id*.

at 8, ¶ 30.  Upon discovering that Montage was using the Work without authorization,

Duffy notified Montage of the infringement.  *Id.* at 7–9, ¶ 25.  Montage sent five emails

attempting to negotiate a license with Duffy to no avail.  Docket No. 18-2 at 4, ¶ 15.

Only after negotiations did Duffy file suit.  The Court has no reason to doubt Duffy's

motivation, especially given the valid grounds for the suit.  Third, Duffy's suit is objectively reasonable.  As discussed, in regard to frivolousness, Duffy had valid reason to believe that Montage used the Work without authorization.

Fourth, considerations of compensation and deterrence lean in favor of attorney's fees.  To ensure that Duffy is compensated for pursuing this action against a dilatory defendant, attorney's fees are appropriate.  *See Tague*, No. 2023 WL 11992382, at *3 ("Courts in this district have routinely awarded costs and fees under § 505 as part of a default judgment.")  A fee award would also serve to deter Montage from continued infringement.

Duffy, however, has not properly supported its request for attorney's fees.  Duffy has not provided the Court with a "lodestar amount," which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Duffy has the burden of establishing the reasonableness of the fees.  *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

### E. <u>Injunctive Relief</u>

Duffy requests that the Court issue an permanent injunction "enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity."  Docket No. 1 at 10.  The Court has authority to issue such an injunction.  *See* 17 U.S.C. § 502.

The Court in *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388 (2006),
established a four-factor test for determining whether permanent injunctive relief is
appropriate in the case of patent infringement.  While *eBay* was a patent case, its
holding extends to other types of intellectual property cases.  *See Underwood v. Bank
of Am. Corp.*, No 18-cv-02329-PAB-MEH, 2018 WL 6655913, at *5 (D. Colo. Dec. 19,
2018).  In *Underwood,* the Court cited cases from the Third and Ninth Circuits holding
that the *eBay* principles apply to trademark infringement cases.  *See Ferring Pharm.,
Inc. v. Watson Pharm., Inc.*, 765 F.3d 205 (3d Cir. 2014); *Herb Reed Enterprises, LLC
v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239 (9th Cir. 2013).  In *Herb Reed*, the Ninth Circuit
held that a "plaintiff must establish irreparable harm" to "obtain a permanent injunction in
a trademark infringement action."  736 F.3d at 1249.  The Third Circuit held the same,
reasoning that "[t]he rationale of the *eBay* decision was not that patent cases are
somehow unique, but rather . . . that the decision whether to grant or deny injunctive
relief rests within the equitable discretion of the district courts, and that such discretion
must be exercised consistent with traditional principles of equity."  *Ferring*, 765 F.3d at
215 (internal quotations and citation omitted).

*Underwood* agreed with these cases, finding that district courts could not depart
from the "long tradition of equity practice absent a clear congressional mandate to do
so."  *Underwood*, 2018 WL 6655913, at *3 (internal quotation and citation omitted).
Similarly, the Tenth Circuit has held that "[c]ourts may presume irreparable harm only
when a party is seeking an injunction under a statute that *mandates* injunctive relief as a
remedy for a violation of the statute."  *First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d
1136, 1140 (10th Cir. 2017).  Other courts in this district have applied the *eBay*

principles to copyright infringement cases.  *See, e.g.*, *Your True Nature, Inc. v. JF Show Store*, No. 23-cv-00107-GPG-NRN, 2024 WL 3340974, at *5 (D. Colo. June 21, 2024); *Tague*, 2023 WL 11992382, at *2.

For the reasons articulated in *Underwood*, the Court finds that the principles set out in *eBay* apply to Duffy's copyright infringement claim.  The Court must therefore evaluate Duffy's request for injunctive relief under the well-established equitable principles used in granting injunctive relief.  *See, e.g., Salinger v. Colting*, 607 F.3d 68, 78–80 (2d Cir. 2010) (applying *eBay* to copyright infringement actions).

*eBay* requires Duffy to "demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  547 U.S. at 391 (citations omitted).

The Court finds that Duffy has met its burden for injunctive relief.  See *Purzel Video GmbH v. Smoak*, 70 F. Supp. 3d 1222, 1234 (D. Colo. 2014) (granting injunctive relief in an order for default judgment for copyright infringement).  First, Duffy has demonstrated irreparable harm.  Montage has used the Work without authorization and featured it on the front door of its business and on numerous posts on its Instagram page.  Docket No. 1 at 5, ¶¶ 19–20.  Montage has not appeared in this action and, therefore, has given no assurances to the Court it will cease using the Work for its commercial purposes.

Second, monetary damages are insufficient.  Because Montage has not appeared, Duffy and the Court will likely not know the full extent of Montage's infringing

conduct and the Court has received no assurances that the infringing activity will stop.
*See Prepared Food Photos, Inc. v. Chicago-Mkt.-distributors, Inc.*, No. 22-cv-03299-
CNS-MEH, 2023 WL 3570673, at *7 (D. Colo. Apr. 18, 2023), *report and
recommendation adopted*, 2023 WL 3568164 (D. Colo. May 19, 2023) (recommending
entry of a permanent injunction against defendants because "Defendant has not
appeared in this action and, therefore, has given no assurances to the Court that the
infringing activity will stop").  Furthermore, Mr. Duffy states that the Work "has lost
significant value by the continuing dissemination resulting from Defendant's
infringement."  Docket No. 18-2 at 4, ¶ 18.  Specifically, he states that other businesses
that compete with Montage "will not want to obtain a license" for the Work if it is "already
associated with a competing business."  *Id.*, ¶ 18.  Furthermore, Mr. Duffy states that
"potential licensees of Plaintiff's photographs will not want to pay Plaintiff's license fees
if they see other commercial enterprises taking and using its photographs for their own
commercial purposes without paying any fee at all."  *Id.*  Absent an injunction,
Montage's use of the Work that has impaired its market value would continue.  *See
Prepared Food Photos, Inc.*, 2023 WL 3570673, at *7 (finding that if the defendant was
not enjoined from infringing on plaintiff's copyright, that the defendant's ability "to use
Plaintiff's Work for its own commercial benefit without compensation to Plaintiff greatly
impairs the market value of the Work" because "others competing in that business or in
related business areas, will not want to obtain a license to Plaintiff's works" and
"potential licensees of Plaintiff will not want to pay license fees to Plaintiff if other
commercial enterprises take and use Plaintiff's photographs for their own commercial
purposes without paying the fee").  "Continued unauthorized use" of the Work will cause

"irreparable injury" to Duffy such that "[l]egal remedies, such as damages, are not fully adequate to compensate for such injury." *Tague*, 2023 WL 11992382, at *2. Therefore, even where courts have awarded plaintiffs statutory damages, courts nonetheless find that such damages are insufficient to redress injuries to plaintiffs and grant injunctive relief. *See, e.g., Grady v. Nelson*, No. 12-cv-03004-RM-KMT, 2014 WL 7143852, at *9–10 (D. Colo. Dec. 15, 2014); *Prepared Food Photos, Inc.*, 2023 WL 3570673, at *8; *Tague*, 2023 WL 11992382, at *4.

Third, an injunction would place minimal hardship on Montage. Indeed, "[t]he potential injury to an allegedly infringing party caused by an injunction merits little equitable consideration and is insufficient to outweigh the continued wrongful infringement." *Medias & Co., Inc. v. Ty, Inc.*, 106 F. Supp. 2d 1132, 1140 (D. Colo. 2000) (citation omitted).

Finally, the public would not be disserved by the issuance of an injunction. In copyright cases, this factor "weighs in favor of the issuance of an injunction because the public interest is the interest in upholding copyright protections." *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993), *overruled on other grounds* by *TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011). A permanent injunction serves the public interest by "protect[ing] copyrighted material and encourag[ing] compliance with the Copyright Act." *Prepared Food Photos, Inc.*, 2023 WL 3570673, at *7.

### F. Declaratory Judgment

Duffy requests a "declaration that Defendant has infringed Plaintiff's copyrights in the Work" and a "declaration that such infringement is willful." Docket No. 1 at 9. The

federal Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "[T]he question of whether this power should be exercised in a particular case is vested in the sound discretion of the district courts." *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995). The Tenth Circuit has identified five factors ("*Mhoon* factors") a district court should consider in determining whether to exercise its discretion to hear a declaratory judgment action:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Id.* at 1169 (quoting *State Farm & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)). Here, declaratory judgment would not "serve a useful purpose in clarifying the legal relations at issue" because the adjudication of Duffy's copyright infringement claim would resolve all issues presented in Duffy's request for declaratory judgment. *See id.* Finding for Duffy on its copyright infringement claim would resolve whether Montage infringed upon Duffy's copyright, and an award of statutory damages would resolve whether Montage's infringement was willful. *See* 17 U.S.C. §§ 501, 504(c)(2). Therefore, the Court will exercise its discretion not to enter declaratory relief. [3]

---

[3] Although Duffy requests prejudgment interest in its complaint, Docket No. 1 at 10, Duffy does not request prejudgment interest in its motion for default judgment. *See* Docket No. 18 at 9–14. Accordingly, the Court will not award Duffy prejudgment

IV.    **CONCLUSION**

Therefore, it is

**ORDERED** that Duffy Archive Limited's Motion for Default Judgment Against

Defendant [Docket No. 18] is **GRANTED**.  It is further

**ORDERED** that judgment shall enter in favor of plaintiff Duffy Archive Limited

and against defendant Montage Salon Corp. d/b/a Modo-Montage Downtown for

statutory damages of $22,500.  It is further

**ORDERED** that defendant Montage Salon Corp. d/b/a Modo-Montage Downtown

and its employees, agents, officers, directors, attorneys, successors, affiliates,

subsidiaries and assigns, and all those in active concert and participation with

defendant, are enjoined from directly or indirectly infringing Duffy Archive Limited's

copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market

---

interest.  *See Interface Printers, LLC v. BGF Glob., LLC*, 2018 WL 3392103, at *1 (N.D.
Tex. July 11, 2018) (accepting the magistrate judge's recommendation to not award
plaintiff prejudgment interest because "while Plaintiff requested prejudgment interest in
its pleadings, its motion [for default judgment] does not include a request for
prejudgment interest").  Moreover, even if Duffy did request prejudgment interest, the
Court, in its discretion, would not award prejudgment interest.  Because "[t]he Copyright
Act neither allows nor prohibits an award of pre-judgment interest . . . [d]istrict courts
thus have the discretion to award or not award pre-judgment interest in copyright
cases."  *Stokes v. MilkChocolateNYC LLC*, 681 F. Supp. 3d 226, 246 (S.D.N.Y. 2023).
The Court finds that a statutory award of $22,500, plus any amount of attorney's fees
that the Court may award based on further briefing from Duffy, "sufficiently meet the
need for deterrence and to make [Duffy] whole."  *Id*. at 247 (declining to award
prejudgment interest because the court already awarded "substantial" damages in the
amount of $30,000 and attorney's fees).

any works derived or copied from the Work, copyright attached at Docket No. 1-1, or to

participate or assist in any such activity.  It is further

**ORDERED** that plaintiff Duffy Archive Limited may file a motion for attorney's

fees that complies with D.C.COLO.LCivR 54.3 on or before March 19, 2025.

DATED February 28, 2025

BY THE COURT:

_____

PHILIP A. BRIMMER
Chief United States District Judge